The majority reverses a trial court's order granting the plaintiff's motion for a new trial. It does so under the rule ofJawad v. Granade, 497 So.2d 471, 477 (Ala. 1986): "[A]n order granting a motion for [a] new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence." This case, however, does not implicate Jawad. This is so, because, under the posture of this case, the jury's verdict was inconsistent as a matter of law, and, therefore, due to be set aside.
The dispositive facts are undisputed. The plaintiff Carla Farnell was driving one car in a line of cars that were stopped at an intersection, waiting for the light to turn green. The defendant Scott was driving the car directly behind Farnell. Scott admitted in deposition that he was not paying attention to what he was doing, and, as a consequence, suddenly accelerated his car into the rear of Farnell's car. On that basis, the trial court entered a summary judgment in favor of Farnell on the issue of liability. The propriety of that judgment is one issue on appeal — an issue the majority does not address.
Apparently, therefore, this case was tried solely on the issue of damages, because the summary judgment in favor of Farnell had held that Scott was negligent as a matter of law. However, the jury returned a verdict for Scott, awarding no damages. Clearly, the jury failed to follow the instructions of the trial court in so doing. Moreover, because the trial court had already found in favor of the plaintiff on liability, the jury was required to award at least nominal damages.[3] It did not.
Because the verdict was fatally flawed, the trial court properly set it aside. For these reasons, I dissent.
Johnstone, and England, JJ., concur.
[3] There is no issue of contributory negligence in this case. *Page 794